UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVERBANK, N.A.,

Plaintiff,

-v.-

SPRING VALLEY FRANCHISE 1110 L.L.C. and CURTIS DWAYNE MCFERGUSON,

Defendants.

26 Civ. 1264 (KPF)

**DEFAULT JUDGMENT**

This action having come before the Court upon the motion of Plaintiff EverBank, N.A. ("Plaintiff") for entry of default judgment against Defendants Spring Valley Franchise 1110 L.L.C. ("Spring Valley") and Curtis Dwayne McFerguson ("McFerguson") pursuant to Federal Rule of Civil Procedure 55(b) for failure to answer or otherwise move in response to the Complaint which was duly served upon them; and the Court having considered the affidavit of the amount due and that said Defendants are not infants or incompetent persons and not in the military service of the United States or any of its allied nations, and for good cause appearing; it is

**ORDERED AND ADJUDGED** that default judgment is entered in favor of Plaintiff EverBank, N.A., 301 W. Bay St., Jacksonville, Florida 32202 and against Defendants Spring Valley Franchise 1110 L.L.C., 10033 Village Walk Ave., Las Vegas, Nevada 89149, and Curtis Dwayne McFerguson, 10033 Village Walk Ave., Las Vegas, Nevada 89149, jointly and severally, for a total judgment amount of **$412,326.84**, which includes:

1. Judgment in the principal amount of $337,075.74;

2. Non-default interest in the amount of $14,907.17;
3. Late fees in the amount of $2,063.61;
4. NSF fees in the amount of $100.00;
5. Pre-judgment interest in the amount of $41,352.48; and
6. Attorney's fees in the amount of $16,827.84; and it is further

**ORDERED AND ADJUDGED** that Plaintiff shall have immediate and permanent title and possession of the Collateral which is subject of the Security Agreement having an effective date of October 13, 2023, whereby Spring Valley granted Plaintiff a security interest in all of the tangible and intangible personal property of Spring Valley, whether then owned or existing or thereafter acquired or arising, including, without limitation, (i) all accounts, (ii) all chattel paper, (iii) all equipment, (iv) all general intangibles, (v) all instruments, (vi) all inventory, (vii) all investment property, (viii) all letter-of-credit rights, (ix) all payment intangibles, (x) the lease on the property located at 4145 South Grand Canyon Parkway, Suite #107, Las Vegas, NV 89147, (xi) all accessions to, substitutions for, and all replacements of, and to the extent not otherwise included in the foregoing, all cash and non-cash proceeds and products of the above-described property of Spring Valley, including, but not limited to, proceeds of insurance policies constituting or insuring such property (collectively, the "Collateral"); and it is further

**ORDERED AND ADJUDGED** that Defendants shall properly maintain said Collateral and return it to Plaintiff or its agents within five (5) days hereof and fully cooperate in said return and Plaintiff may immediately and without

further delay engage in self-help repossession of said Collateral should Defendants fail to return it as directed; and it is further

**ORDERED AND ADJUDGED** that Defendants shall, within five (5) days of the date hereof, provide to Plaintiff an itemized list of the Collateral, wherever located, and upon receipt of said itemized list Plaintiff may apply to this Court for a further order and judgment, if needed, with respect to the Collateral or any portion thereof to effectuate this Court's award of title and possessory interest thereto to Plaintiff; and it is further

**ORDERED AND ADJUDGED** that the Clerk of Court shall, upon request with seven (7) days' notice to Defendants, issue a Writ of Execution or other similar enforcement device directing the US Marshall Service to seize the Collateral itemized herein; and it is further

**ORDERED AND ADJUDGED** that Defendants, their principals, employees, servants, family members and agents and/or any other person in possession of the Collateral, be and hereby are stayed from removing or damaging said Collateral and from concealing, transporting, encumbering, using, selling, renting/leasing or in any way transferring or disposing of the Collateral, except in furtherance of this Order; and it is further

**ORDERED AND ADJUDGED** that Defendants and/or any other party in possession of the Collateral shall not otherwise permit the Collateral to be removed from its location, transferred, sold, pledged, assigned or otherwise disposed of or permitted to become subject to a security interest or lien other than as permitted and/or directed herein; and it is further

**ORDERED AND ADJUDGED** that, in the event that Plaintiff takes possession of the Collateral, Plaintiff shall attempt to dispose of said personal property in a commercially reasonable manner in accordance with the Uniform Commercial Code and the net proceeds from said sale, if any, after deduction of reasonable expenses of retaking, holding, preparing for sale, selling and the like, shall be applied to reduce the amount of the Judgment herein.

Dated: August 18, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge